1

2

3                                                    The Honorable Marsha J. Pechman

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          WESTERN DISTRICT OF WASHINGTON

10                                  SEATTLE DIVISION

11

12   CHAD GOODMAN and JON J. OLSON,          Case No. 2:11-cv-01793-MJP
     individually and on behalf of all others
13   similarly situated,                     **JOINT STATUS REPORT AND DISCOVERY
                                             PLAN PURSUANT TO FED. R. CIV. P. 26(f)**
14                 Plaintiff,                **AND LOCAL RULE CR 16**

15          v.                               Complaint filed:  October 26, 2011
                                             Trial Date:        Not Set
16   HTC AMERICA, INC. and
17   ACCUWEATHER.COM, INC.,

18                 Defendants.

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON  98104
(206) 452-8700

Plaintiffs Chad Goodman and Jon J. Olson ("Plaintiffs") and Defendants HTC America, Inc. ("HTC") and AccuWeather.com, Inc. ("AccuWeather") (collectively, "Defendants") jointly submit the following report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule CR 16, and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 5), as modified by the Minute Order of December 23, 2011 (Dkt. No. 13).

## 1.    Nature and Complexity of the Case

Plaintiffs Chad Goodman and Jon J. Olson ("Plaintiffs") bring this action on behalf of themselves and three putative classes against Defendants HTC America, Inc. ("HTC") and AccuWeather.com, Inc. ("AccuWeather").  Plaintiffs allege that HTC's EVO 3D and EVO 4G smartphones contain an integrated AccuWeather software application that, when accessed by the user, provides weather information specific to the user's location.  Plaintiffs allege that the EVO 3D and EVO 4G smartphones contained undisclosed defects, namely that integrated software causes the smartphones to transmit "fine" geolocation data to AccuWeather using the smartphones' GPS capabilities, rather than the "coarse" geolocation data obtained by information from cell towers.  Plaintiffs further allege that the GPS data is "unnecessarily precise" for the purpose of displaying weather information.  Further, Plaintiffs allege that the fine location data is transmitted to AccuWeather in an unencrypted and insecure manner.  Plaintiffs allege that they were injured by Defendants' failure to disclose these defects because (1) they paid more for the EVO 3D and EVO 4G smartphones than they would have paid—and/or they would not have bought these particular smartphones at all—and paid more than the smartphones would have been valued by the market if Defendants had labeled the products accurately and adequately disclosed these defects; and (2) the defect caused their personal information to be exposed to third parties.

Plaintiffs assert these claims under several state consumer protection laws, all of which prohibit deceptive, misleading, fraudulent, or unfair business practices.  Plaintiff Goodman, a resident of California, seeks relief on behalf of himself and a purported California Subclass for

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP                                    2.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

alleged violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*) and Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).  Plaintiff Olson, a resident of Minnesota, seeks relief on behalf of himself and a purported Minnesota Subclass for alleged violations of Minnesota's Prevention of Consumer Fraud Act (Minn. Stat. §§ 325F.68– .70), Unlawful Trade Practices Act (Minn. Stat. §§ 325D.09–.16), Deceptive Trade Practices Act (Minn. Stat. §§ 325D.43–.48), and False Statement in Advertisement law (Minn. Stat. § 325F.67).  Both Plaintiffs seek relief for unjust enrichment on behalf of themselves and a purported nationwide class.

Defendants filed separate motions to dismiss the class action complaint on January 20, 2012.  (*See* Dkt. Nos. 20, 21.)  Both motions were based on a lack of Article III standing (and, therefore, subject matter jurisdiction under Rule 12(b)(1)) and failure to state a claim for relief under Rule 12(b)(6).

Defendant HTC also moved to strike Plaintiffs' class allegations pursuant to Rules 12(f) & 23(d)(1)(D), and included among the reasons to dismiss under Rule 12(b)(6) Plaintiffs' failure to plead with the particularity required for claims sounding in fraud, pursuant to Rule 9(b).

Plaintiffs' response(s) to the motions are due by February 24, 2012, and Defendants' respective replies are due on the motions' noting date of March 23, 2012.

Meanwhile, Defendant AccuWeather.com, Inc. informed Plaintiffs that it is not the appropriate AccuWeather entity responsible for Plaintiffs' allegations.  *See infra* at ¶ 5.A.

**A.      Proposed Extension of Time to Respond to the Amended Complaint**

Plaintiffs informed Defendants on February 9, 2102, that they anticipate filing an amended complaint on February 10, 2012.  Assuming that Plaintiffs' amended complaint contains substantive changes requiring new responses, the parties agree on the following schedule for responsive pleadings and subsequent briefing; the parties respectfully request that the Court enter an order setting these deadlines:  Defendants' answer, motion, or other responsive pleading to the amended complaint, assuming such complaint is filed February 10,

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

3.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

2012, will be due on or before March 12, 2012 (31 days after the complaint is filed); Plaintiffs' response(s) will be due April 13, 2012; and any reply will be due April 27, 2012.

**2.      Alternative Dispute Resolution Methods**

The parties discussed the possibility of ADR during the Rule 26(f) conference.  All parties agree that, at the appropriate time, private mediation would be the most appropriate ADR method.

**3.      Alternative Dispute Resolution Timing**

At this time, the parties believe that private mediation would be best undertaken after the Court's ruling on Defendants' respective motions to dismiss and any amendments to the Complaint have been made, as well as potentially a ruling at the class-certification stage.

**4.      Proposed Deadline for Joining Additional Parties**

Plaintiffs propose that the deadline for joining additional named plaintiffs be set for ninety (90) days after a decision on class certification (excluding any motion to strike the class allegations filed by Defendants).  Plaintiffs further propose that the deadline for joining additional defendants be set for six months after all motions to dismiss filed by a Defendant in this case are ruled upon.

Defendants propose that the deadline for joining any additional parties be set for 30 days after an order denying Defendants' respective motions to dismiss.

**5.      Proposed Discovery Plan**

**A.      Rule 26(f) Conference and Rule 26(a) Initial Disclosures**

The Rule 26(f) conference took place on January 26, 2012 at 1:30 p.m. via telephone with counsel for all parties in attendance: Cliff Cantor, David A. Stampley, and Grace E. Parasmo participated on behalf of Plaintiffs; Matthew D. Brown and Christopher B. Durbin participated on behalf of Defendant HTC; and Thomas Merrick participated on behalf of Defendant AccuWeather.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

4.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON  98104
(206) 452-8700

Pursuant to the Court's Order Regarding Initial Disclosures, as modified by the parties' stipulation (Dkt. No. 12) and the Court's resulting Minute Order of December 23, 2011 (Dkt. No. 13), Named Plaintiffs and Defendant HTC served their respective Rule 26(a) initial disclosures on February 2, 2012.

Defendant AccuWeather notified the parties on January 31, 2012, that the entity identified in the complaint as AccuWeather.com, Inc. is not a proper party in this action. Because it is not a proper party, AccuWeather objects to its providing initial disclosures and takes the position that its initial disclosures should be delayed pending substitution of the proper AccuWeather entity as a defendant.

## B.    Subjects and Phases of Discovery

The parties discussed the scheduling and phases of discovery during the Rule 26(f) conference.  However, these discussions occurred before Plaintiffs informed Defendants on February 9, 2012 that they intended to file an amended complaint on February 10, 2012, which may alter the specific dates identified below.  The parties agree to the following schedule, based on the assumption that discovery will proceed without unnecessary motions or other delays, and subject to change upon the filing of Plaintiffs' amended complaint:

| EVENT | DEADLINE | EST. DATE |
|---|---|---|
| Start of Class Certification Fact Discovery (Defendants' proposal) | If the court denies Defendants' motions to dismiss, fourteen (14) days after such order | Apr. 20, 2012[1] |
| Completion of Class Certification Fact Discovery | Six (6) months after start of class certification fact discovery | Oct. 19, 2012 |

[1] Defendants note that this date is subject to change, assuming that Plaintiffs' Amended Complaint alters the briefing schedule, as discussed *supra*.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON  98104
(206) 452-8700

| EVENT | DEADLINE | EST. DATE |
|---|---|---|
| Plaintiffs' Class Certification Expert Witness Disclosures/Reports (FRCP 26(a)(2)) | Two (2) weeks after close of class certification fact discovery | Nov. 2, 2012 |
| Defendants' Class Certification Expert Witness Disclosures/Reports (FRCP 26(a)(2)) | Four (4) weeks after Plaintiffs' class certification expert reports | Dec. 4, 2012 |
| Plaintiffs' rebuttal class certification expert witness reports, if needed | Three (3) weeks after Defendants' Class Certification Expert Witness Disclosures/Reports, unless this includes the holiday season, in which case, five (5) weeks | Jan., 8, 2013 (accounts for holiday season) |
| Completion of Class Certification Expert Discovery | Two (2) weeks after rebuttal class certification expert witness reports | Jan. 22, 2013 |
| Plaintiffs' Motion to Certify Class | Two (2) weeks after close of class certification expert discovery | Feb. 4, 2013 (Plaintiffs propose this deadline be tolled for discovery disputes.) |
| Defendants' Opposition(s) to Motion to Certify Class | Six (6) weeks after motion deadline | March 18, 2013 |
| Plaintiffs' Reply in support of Motion to Certify Class (Noting Date) | Three (3) weeks after opposition | April 8, 2013 |

Defendants favor a stay of discovery until resolution of their pending motions to dismiss. Defendants also favor limiting discovery to class certification prior to Plaintiffs' motion for class certification.

Plaintiffs believe that discovery should commence immediately; oppose bifurcation; and favor making a reasonable attempt to limit discovery to class certification issues (recognizing

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

6.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

that these issues can overlap with merits issues) prior to the filing of Plaintiffs' motion for class certification. Plaintiffs' position is explained in more detail below.

**Plaintiffs Position**:

Plaintiffs believe that discovery will be needed on the following subjects: Collection and transmission of user and device data; use and analysis of such data; revenues arising from such use; discovery from networks and service providers that transmit such data; function and operation of the smartphones and AccuWeather software; reasons for integrating the software into the operating system; consumer-facing disclosures; security/privacy practices and vulnerabilities; the HtcLoggers feature; agreements and communications among the Defendants and with other developers, publishers, Google, and ad networks; and other relevant subjects. These are explained and identified with more particularity in Plaintiffs' Initial Disclosures, served on Defendants on February 2, 2012.

Plaintiffs propose that the parties meet and confer to discuss an ESI protocol within fourteen (14) days of the filing of this report.

Plaintiffs believe that fact discovery should commence immediately, especially given that AccuWeather.com, Inc. contends it is not the proper AccuWeather entity responsible for the acts/practices that Plaintiffs allege, yet AccuWeather objects to providing initial disclosures and any other discovery concerning the appropriate AccuWeather entity.  Defendants' filing of motions to dismiss does not justify a stay of discovery.  *See Del Vecchio v. Amazon.com*, No. C11–0366RSL, 2011 WL 1585623, at *1 (W.D. Wash. April 27, 2011).  The Federal Rules of Civil Procedure do not provide an automatic stay of discovery when a motion to dismiss is filed.  *Id.*  "[M]otions to dismiss are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation." *Id.*  Furthermore, Plaintiffs "could suffer prejudice by a potentially lengthy discovery stay, in part because they seek to enjoin on-going allegedly wrongful conduct." *Id.* "Actions seeking injunctive relief typically require more expeditious resolution than those seeking damages for past wrong." *Id.*

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP                               7.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

Moreover, there is no basis for bifurcating class and merits discovery in this case. Plaintiff believes that, in this case, substantive "merits" issues are closely related and intertwined with Rule 23 class certification issues such that bifurcation of discovery would be difficult and could lead to redundancies and inefficiencies. Determining what is and is not subject to class discovery would be difficult and subject to differing opinions, and thus likely lead to myriad discovery disputes and motions, creating a redundant and inefficient process. The Manual for Complex Litigation (4th ed. 2004) states that "[t]here is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification." Therefore, Plaintiff opposes bifurcation between "class" and "merits" discovery and a stay of "merits" discovery until after the Court rules on Plaintiffs' class certification motion. *See* Fed. R. Civ. P. 23 advisory committee's notes to subdivision 23(c)(1) (2003) ("discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis … without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery'").

**Defendants' Position:**

Defendants propose that discovery under Rules 30–36 be put on hold until the Court determines whether Plaintiffs have any viable claims that will proceed. If the Court were to deny Defendants' respective motions to dismiss, Defendants propose that class certification fact discovery commence fourteen (14) days after an order on Defendants' motion to dismiss, or an estimated date of April 20, 2012.

Defendants submit that the Ninth Circuit has repeatedly upheld the issuance of discovery stays pending resolution of potentially dispositive motions and has stated that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

8.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming stay of discovery pending resolution of defendant's motion to dismiss) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*)); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery pending resolution of motions to dismiss where no "factual issues" were raised by the motions); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Defendants further submit that, to increase efficiency, discovery on matters that do not bear on class certification be conducted only after the court issues a decision on class certification. Phased discovery of this sort (precertification discovery first, followed later by merits discovery) is contemplated by the federal Manual for Complex Litigation (*see, e.g.*, §§ 21.11, 21.14), which states that allowing full merits discovery before a decision on certification "can create unnecessary and extraordinary expense and burden" (*id.* § 21.14). Defendants' submit that setting a schedule for merits discovery and dispositive motions may be premature, and request that the Court convene a further status conference within 14 days of an order ruling on Plaintiffs' motion for class certification.

### C.    Discovery Limits and Changes to Federal and Local Civil Rules

Plaintiffs submit that fact discovery should commence immediately and that discovery be conducted before a ruling on class certification should not be subject to a formal bifurcation between class and merits discovery.

Defendants jointly submit that all forms of discovery under Federal Rules of Civil Procedure 30–36 should not proceed until 14 days after the pleadings phase is complete. Specifically, Defendants propose that discovery commence no earlier than 14 days after (1) an order denying in whole or in part Defendants' currently pending motions to dismiss, or (2) an

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

9.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

order denying in whole or in part Defendants' motion(s) to dismiss any subsequently filed amended complaint, whichever occurs later.

Defendant AccuWeather further submits that discovery, including initial disclosures, should not proceed until Plaintiffs substitute the appropriate entity as party defendant in place of AccuWeather.com, Inc.  Defendant AccuWeather further believes that Plaintiffs currently have knowledge of the proper AccuWeather entity.

Plaintiffs contend that, given AccuWeather's contention that it is not the appropriate entity responsible for the acts/practices that Plaintiffs allege, there is all the more reason for early discovery.

Other than as set forth above, the parties do not request any changes or limits to the Federal or Local Civil Rules relating to discovery issues at this time, but reserve the right to make such a request at a later time if needed.

### D.    Managing Discovery To Minimize Expense

The parties do not request any specific limitations on discovery beyond those listed above and elsewhere in the Federal Rules of Civil Procedure and this Court's Local Civil Rules. However, counsel for the parties have conferred and agreed to accept service via email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).  The parties further expect that they will meet and confer in good faith to resolve any discovery disputes in this case to avoid unnecessary expense or delay and, if possible, without resort to motion practice.

### E.    Proposed Orders under Rule 26(c) or CR 16(b)–(c)

The parties will meet and confer regarding the terms of an appropriate stipulation and proposed protective order and ESI protocol relating to the production of documents and the designation of confidential information contained in documents and testimony.

The parties do not request the entry of any additional order under Rule 26(c) or CR 16(b)–(c) at this time.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

10.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

**6.      Date by Which Discovery Can Be Completed**

As described above (*see* ¶ 5.B), the parties have submitted their differing views as to the schedule for pre- and post-certification discovery.

Plaintiffs estimate that fact and expert discovery can be completed no later than eight (8) months after a decision on class certification.

Defendants estimate that class-certification fact and expert discovery can be completed no later than January 22, 2013 (subject to the conditions discussed *supra*) with merits discovery proceeding thereafter if necessary.

**Proceeding before Magistrate Judge**

The parties do not consent to proceeding before a Magistrate Judge.

**7.      Bifurcation of Liability and Damages Issues**

The parties submit that prior to a ruling on Defendants' motions to dismiss and Plaintiffs' motion for class certification, it is premature to determine whether and to what extent trial should be bifurcated between liability and damages or in some other respect.

**8.      Pretrial Statements and Pretrial Order**

The parties jointly submit that the Pretrial Statements required by Local Rules CR 16(h)–(i), as well as the Conference of Attorneys pursuant to CR 16(k), the Final Pretrial Conference pursuant to CR 16(*l*), and the entry of a Pretrial Order in the form set forth in CR 16.1 (to be negotiated by the parties and submitted to the Court), will serve to make the trial more efficient and reduce the number and complexity of issues to be ruled on by the Court during trial.

**9.      Other Suggestions for Shortening or Simplifying the Case**

The parties anticipate meeting and conferring (after a ruling on Defendants' respective motions to dismiss) to discuss the possibility of narrowing the issues in dispute for purposes of Plaintiffs' motion for class certification.  Other than as discussed above, the parties have no additional suggestions for shortening or simplifying the case.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

11.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

**10.     Date that the Case Will Be Ready for Trial**

Plaintiffs estimate that this case will be ready for trial no later ten (10) months after a decision on class certification.

Defendants' submit that setting a trial date may be premature, and request that the Court convene a further status conference within 14 days of an order granting Plaintiffs' motion for class certification in whole or in part.

**11.     Whether the Trial Will Be Jury or Non-Jury**

Plaintiffs' Class Action Complaint contains a jury demand.  (Dkt. No. 1).

Defendants have not yet filed a responsive pleading, pending the Court's adjudication of their respective motions to dismiss.  Defendants reserve the right to demand a jury for any counterclaims asserted in their respective responses to the complaint.

**12.     Number of Trial Days Required**

The parties jointly estimate that they will need approximately ten (10) trial days to complete the presentation of evidence in this case.

**13.     Names, Addresses, and Telephone Numbers of all Trial Counsel**

Trial counsel for Plaintiffs:

Cliff Cantor
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish WA 98074-7033
Tel: (425) 868-7813

Scott A. Kamber
David A. Stampley
Grace E. Parsamo
KamberLaw, LLC
100 Wall St., 23rd Floor
New York, NY 10005
Tel: (212) 920-3071

Trial counsel for Defendant HTC:

Christopher B. Durbin
Cooley LLP
719 Second Avenue, Suite 900
Seattle, WA  98104-1732
Tel.: (206) 452-8700

Michael G. Rhodes
Matthew D. Brown
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel.: (415) 693-2000

Trial counsel for Defendant AccuWeather:

Thomas R. Merrick
Michelle A. Alig

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

12.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON  98104
(206) 452-8700

1
2

Merrick Hofstedt & Lindsey, P.S.
3101 Western Ave., Suite 200
Seattle, WA 98121
Tel: (206) 682-0610

3
4

**14.     Service of Complaint on all Defendants**

5
6

Defendant HTC America, Inc. was served with the Complaint on November 30, 2011.

Defendant AccuWeather.com, Inc. was served with the Complaint on December 12, 2011.

7

**15.     Scheduling Conference**

8
9

The Defendants jointly request that the Court convene a scheduling conference before

entering the scheduling order in this case.  Plaintiffs believe a conference is unnecessary.

10
11

DATED:  February 9, 2012

12
13
14
15

                                   *s/ Christopher B. Durbin*
                                   Christopher B. Durbin  (WSBA #41159)
                                   COOLEY LLP
                                   719 Second Avenue, Suite 900
                                   Seattle, WA  98104-1732
                                   Tel.:    (206) 452-8700
                                   Fax:     (206) 452-8800
                                   Email: cdurbin@cooley.com

16
17
18
19
20
21

                                   Michael G. Rhodes (admitted *pro hac vice*)
                                   Matthew D. Brown (admitted *pro hac vice*)
                                   COOLEY LLP
                                   101 California Street, 5th Floor
                                   San Francisco, CA 94111-5800
                                   Tel.:    (415) 693-2000
                                   Fax:     (415) 693-2222
                                   Email: rhodesmg@cooley.com
                                   Email: brownmd@cooley.com

22

                                   Attorneys for Defendant HTC AMERICA, INC.

23
24
25
26

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP

13.

COOLEY LLP
719 SECOND AVE., SUITE 900
SEATTLE, WASHINGTON 98104
(206) 452-8700

1 DATED:  February 9, 2012

2                                                     _s/ Cliff Cantor_ (by permission)
                                                  Cliff Cantor (WSBA # 17893)
3                                                  LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                                  627 208th Ave. SE
4                                                  Sammamish WA 98074-7033
                                                  Tel: (425) 868-7813
5                                                  Fax: (425) 732-3752
                                                  Email: cliff.cantor@comcast.net
6
7                                                  Attorney for Plaintiffs
                                                  CHAD GOODMAN and JON J. OLSON
8
9 DATED:  February 9, 2012

10                                                   _s/ Thomas R. Merrick_ (by permission)
                                                  Thomas R. Merrick (WSBA # 10945)
11                                                 Michelle A. Alig (WSBA #40019)
                                                  MERRICK HOFSTEDT & LINDSEY, P.S.
12                                                 3101 Western Ave., Suite 200
                                                  Seattle, WA 98121
13                                                 Tel: (206) 682-0610
                                                  Fax: (206) 467-2689
14                                                 Email: tmerrick@mhlseattle.com
                                                  Email: malig@mhlseattle.com
15
16                                                 Attorneys for Defendant ACCUWEATHER.COM, INC.

17
18
19
20
21
22
23
24
25
26

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:11-CV-01793-MJP                    14.                      COOLEY LLP
                                                                719 SECOND AVE., SUITE 900
                                                                SEATTLE, WASHINGTON 98104
                                                                (206) 452-8700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2012, I electronically filed the foregoing **Joint Status Report and Discovery Plan Pursuant to Fed. R. Civ. P. 26(f) and Local Rule CR 16**, with the Clerk of the Court using the CM/ECF system, which will send an email notification of such filing to the attorneys of record listed below.

- Cliff Cantor (cliff.cantor@comcast.net)
- Scott A. Kamber (skamber@kamberlaw.com)
- David A. Stampley (dstampley@kamberlaw.com)
- Grace E. Parasmo (gparasmo@kamberlaw.com)
- Thomas R. Merrick (tmerrick@mhlseattle.com)

_s/ Christopher B. Durbin_
Christopher B. Durbin

CERTIFICATE OF SERVICE
CASE No. 2:11-cv-01793-MJP